UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN KEITH FUQUA,

        Petitioner,                      Case Number: 2:08-CV-12441

v.                                          HONORABLE DENISE PAGE HOOD

LLOYD RAPELJE,

        Respondent.
_____/

## ORDER

### (1) GRANTING PETITIONER'S MOTION TO HOLD WRIT OF HABEAS CORPUS PETITION IN ABEYANCE,

### (2) ADMINISTRATIVELY CLOSING CASE, AND

### (3) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, FOR ORAL ARGUMENT AND FOR EVIDENTIARY HEARING

Petitioner Alan Keith Fuqua has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, challenges his convictions on three counts of second-degree criminal sexual conduct. Now before the Court are Petitioner's "Motion to Hold Writ of Habeas Corpus Petition in Abeyance," "Motion for Appointment of Counsel," "Motion for Oral Argument," and "Motion for Evidentiary Hearing."

Petitioner asks the Court to hold this habeas corpus proceeding in abeyance pending resolution of a civil rights complaint filed and currently pending in this Court before the undersigned District Judge. *See Fuqua v. Straub, et al.*, No. 2:08-cv-12956. In the civil rights

matter, Petitioner claims that the defendants, Michigan Department of Corrections employees, interfered with his right of access to the courts by failing to provide him with his legal mail. Petitioner claims that this interference caused him to procedurally default the claims raised in the pending habeas petition and caused him to file his petition late. He argues that staying the pending habeas corpus petition would allow him to factually and legally develop the claims raised in his civil rights complaint. This, in turn, would aid him in establishing that he is entitled to equitable tolling of the limitations period regarding the filing of his habeas petition.

A district court has broad discretion to stay proceedings when doing so would promote efficiency and the management of the Court's docket. *See Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (recognizing the discretion of "the trial judge who is charged with the responsibility . . . [of] managing his docket and [e]nsuring an expeditious processing of the litigation"). *See also Bechtel Corp. v. Laborers' International Union*, 544 F.2d 1207, 1215 (3d Cir.1976) ("A United States district court has broad power to stay proceedings" in one matter "to abide the outcome of another which may substantially affect it or be dispositive of the issues."). "In determining whether to stay an action, courts examine principles of comity, the adequacy of the relief available in the alternative form, the convenience of the parties, counsel and witnesses and the possibility of prejudice if the stay is granted." *Just Enterprises, Inc. v. O'Malley & Langan, P.C.,* 560 F. Supp. 2d 345, 353 (M.D. Pa. May 30, 2008).

In this case, the parties would avoid duplicative discovery and would not be prejudiced by the granting of a stay. While Petitioner cannot obtain habeas corpus relief in the civil rights proceeding, he can develop facts which may bear upon the timeliness of the pending petition. The Court finds that judicial efficiency and management of the Court's docket support holding

this matter in abeyance and will grant Petitioner's motion.

Also pending before the Court are several additional motions filed by Petitioner: Motion for Appointment of Counsel, Motion for Oral Argument, and Motion for Evidentiary Hearing. Given the Court's decision to hold the habeas proceeding in abeyance, the Court will deny these motions without prejudice. Petitioner may re-file them if and when this matter is reopened.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Hold Writ of Habeas Corpus Petition in Abeyance" [dkt. # 10] is **GRANTED**. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **thirty days** after the conclusion of the proceedings in case number 2:08-cv-12956.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay, the Court may order the Clerk to reopen this case for statistical purposes.

It is further **ORDERED** that Petitioner's "Motion for Appointment of Counsel" [dkt. # 4], "Motion for Oral Argument" [dkt. # 5], and "Motion for Evidentiary Hearing" [dkt. # 7] are **DENIED WITHOUT PREJUDICE**.

    S/Denise Page Hood  
    Denise Page Hood  
    United States District Judge

Dated: December 10, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Alan K. Fuqua, Reg No. 191993, Saginaw Correctional Facility, 9625 Pierce Rd., Freeland, MI 48623 on December 10, 2008, by electronic and/or ordinary mail.

    S/William F. Lewis  
    Case Manager